| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Employment |
| | Court File Number:_____ |

Barry R. Segal,

    Plaintiff,

v.                                              Summons

Ebenezer Society, a Minnesota non-profit
corporation d/b/a Ebenezer Care Center,

    Defendant.

---

THIS SUMMONS IS DIRECTED TO: Mark Thomas, President, or other officer/agent or designee, Ebenezer Society, a Minnesota non-profit corporation d/b/a Ebenezer Care Center, 2722 Park Ave. S., Minneapolis, Minnesota 55407.

    1.     **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2.     **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons *a written response* called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Barry R. Segal
        2715 Humboldt Avenue South, #5
        Minneapolis, MN 55408

    3.     **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.



EXHIBIT A

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 7/18/12

_Barry R. Segal_
Barry R. Segal
2715 Humboldt Avenue South, #5
Minneapolis, MN 55408

Plaintiff acknowledges that the provisions of Minn. Stat. §549.211, apply to this case.

Dated: 7/18/12

_Barry R. Segal_
Barry R. Segal

Case Type 4: Other Civil

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF HENNEPIN         FOURTH JUDICIAL DISTRICT

---

Barry R. Segal,

    Plaintiff,

v.                                       COMPLAINT

Ebenezer Society, a Minnesota non-profit corporation
d/b/a Ebenezer Care Center,

    Defendant.

---

## NATURE OF THE ACTION

This is an action under the Minnesota Human Rights Act and the Americans with Disabilities Act to compensate Barry R. Segal ("Segal") for his unlawful employment conditions and termination, which revolved around his disability, his employer's unwillingness to reasonably accommodate his disability, and consequent termination of Segal's employment. Plaintiff has timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and which was cross-filed with the Minnesota Department of Human Rights. Both agencies issued right to sue letters.

## DEMAND FOR JURY TRIAL

1. Plaintiff demands a Jury Trial on all issues triable to a jury and an advisory jury on all issues triable to the Court.

## PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff Barry Segal resides in the City of Minneapolis, County of Hennepin, State of Minnesota. Segal was employed by Defendant as a Therapeutic Recreation Coordinator from January 2008 until his wrongful termination on April 23, 2009.

3. Defendant Ebenezer Society is a Minnesota non-profit corporation doing business as Ebenezer Care Center ("ECC"). Ebenezer Society is the holder of the assumed name Ebenezer Care Center. ECC is located at 2545 Portland Ave. S., Minneapolis, Minnesota 55404. This was the location of Plaintiff's employment. ECC's principal place of business and corporate address according to its website is 2722 Park Ave. S., Minneapolis, Minnesota 55407. Ebenezer Society's registered address is 2722 Park Ave. S., Minneapolis, Minnesota 55407. All addresses are in Hennepin County. For purposes of this Complaint, Defendant will be referred to as Defendant or ECC.

4. During all relevant times, ECC was the "employer" of Segal within the meaning of Minn. Stat. § 363A.03, subd. 16, and Segal was its "employee" within the meaning of Minn. Stat. § 363A.03, subd. 15, and ECC was a covered entity under 42 U.S.C.A. § 12111(2) and 12111(5)(A).

5. Segal is legally deaf and blind. These conditions substantially limit his life activities due to his inability to hear and loss of most vision.

6. During all relevant times, Segal had a "disability" within the meaning of Minn. Stat. § 363A.03, subd. 12 and 42 U.S.C.A. § 12102(2).

**COUNT I**
**(Discrimination - Failure to Reasonably Accommodate a Disability**
**In Violation of the Minnesota Human Rights Act)**

7. Segal realleges the allegations set forth in all previous paragraphs.

8. As Segal was maintained as an employee for over one year prior to termination, it is reasonable to believe he was qualified in said position with reasonable accommodations as requested.

9. During all relevant times, Segal was a "qualified disabled person" within the meaning of Minn. Stat. § 363A.03, subd. 36.

10. Although ECC provided some accommodation to assist Segal in the performance of his job, he made additional reasonable requests that ECC failed to provide, including but not limited to: failing on multiple occasions to provide written communication in large enough font for Plaintiff to read it; failing to utilize interpreters selected from a list provided by Plaintiff, resulting in inadequate or inaccurate interpretations; failing to properly instruct or educate management and co-workers in effective techniques for working with deaf-blind persons such as Plaintiff; all of which resulted in non-communication, mis-communication, barriers to Plaintiff's successful performance of his job duties, verbal and/or written discipline of Plaintiff for job conduct issues, and termination. Had the requested reasonable accommodations been granted, Segal would have been able to fulfill his job duties to the satisfaction of ECC. The fact that Segal was able to come up with proposed solutions to concerns of his employer is a strong indication of his ability to be effective and proficient in his job.

11. During all relevant times, the Minnesota Human Rights Act guaranteed Segal a right to reasonable accommodation in pursuit of fulfilling his employment obligations.

12. ECC violated Segal's right to reasonable accommodation pursuant to Minn. Stat. § 363A.08, subd. 6.

13. As a direct result of ECC's willful acts of discrimination, Segal has suffered loss of salary and fringe benefits, each in amounts to be determined at trial, and is entitled to compensatory damages for mental anguish and suffering.

## COUNT II
### (Discrimination based on Disability in Violation of the Minnesota Human Rights Act)

14. Segal restates and realleges the allegations set forth in all previous paragraphs.

15. On April 23, 2009, Segal was terminated from employment.

16. Prior to his termination, ECC criticized his job performance and failed to make reasonable accommodations to his disabilities. ECC terminated Segal because they did not wish to accommodate his disabilities.

17. During all relevant times, the Minnesota Human Rights Act guaranteed Segal a right not to be discriminated against in the workplace based on his disabilities.

18. ECC violated Segal's right by discriminating against him based on his disabilities in violation of Minn. Stat.§ 363A.08, subd. 2(2).

19. As a direct result of ECC's willful acts of discrimination, Segal has suffered loss of salary and fringe benefits, each in amounts to be determined at trial, and is entitled to compensatory damages for mental anguish and suffering.

## COUNT III
### (Discrimination – Retaliation In Violation of the Minnesota Human Rights Act)

20. Segal realleges the allegations set forth in all previous paragraphs.

21. Segal filed a charge of discrimination against ECC with the U.S. EEOC in January 2009. The EEOC cross-filed it with the Minnesota Dept. of Human Rights. The EEOC conveyed the charge to ECC as a part of their investigation. ECC was aware of the charge of discrimination during the last several months of Plaintiff's employment there and prior to his termination.

22. ECC retaliated against Segal's exercise of his rights in seeking accommodation and in filing the discrimination charge by increasing their criticism of his job performance, issuing additional verbal and written warnings regarding his job performance, and harassing him on the job.

23. ECC further retaliated against Segal by terminating his employment.

24. During all relevant times, the Minnesota Human Rights Act guaranteed Segal the right not to be retaliated against for asserting his right to request reasonable accommodation or to file a charge of discrimination under applicable state or federal law.

25. ECC violated Segal's rights by retaliating against his request for reasonable accommodation and his filing of discrimination charges in violation of Minn. Stat.§ 363A.15.

26. As a direct result of ECC's willful acts of discrimination, Segal has suffered loss of salary and fringe benefits, each in amounts to be determined at trial, and is entitled to compensatory damages for mental anguish and suffering.

## COUNT IV
### (Disability Discrimination in Violation of the Americans with Disabilities Act)
### (42 U.S.C.A. §§ 12101 *et seq.*)

27. Plaintiff Segal realleges the allegations set forth in all previous paragraphs.

28. The Americans with Disabilities Act (ADA) prohibits discrimination on the basis of disability and requires employers to reasonably accommodate an employee's disabilities. 42 U.S.C.A. §§ 12101 *et seq.*

29. Segal is a qualified individual with a disability as defined in the ADA under 42 U.S.C.A. § 12111(8).

30. ECC failed to reasonably accommodate Segal's disabilities.

31. ECC terminated Segal due to his disabilities.

32. ECC terminated Segal in retaliation for asserting his rights under the ADA in violation of 42 U.S.C.A. § 12112(b)(4).

33. ECC is liable to Segal for violating the ADA entitling Segal to all damages allowable under the ADA including without limitation backpay, reinstatement, attorneys' fees and costs, expert witness fees, future economic loss, and compensatory damages for pain and suffering.

**RELIEF DEMANDED**

WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

a. Awarding Plaintiff Segal all injunctive relief available under the Minnesota Human Rights Act, including a judgment in excess of $ 50,000.00 for an amount equal to three times his lost salary and fringe benefits, with interest, each in the amounts to be determined at trial; compensatory triple damages for mental and emotional distress and anguish; a civil penalty to the State of Minnesota; and his attorneys fees and the costs of this action pursuant to Minn. Stat. §363A.33, subd. 7.

b. Awarding Plaintiff Segal all injunctive relief and monetary damages available under the Americans with Disabilities Act including without limitation backpay, reinstatement, attorneys' fees and costs, expert witness fees, future economic loss, and compensatory damages for pain and suffering pursuant to 42 U.S.C.A. § 12117.

c. Awarding Plaintiff such further and additional relief as the Court deems just and equitable.

Dated: 7/13/12

Respectfully submitted,

Barry R. Segal
2715 Humboldt Avenue South, #5
Minneapolis, MN 55408
**PLAINTIFF**

## ACKNOWLEDGEMENT OF NOTICE

The undersigned hereby acknowledges that reasonable costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, subd. 2, to the party against whom the allegations of this pleading are asserted. By signing below, the undersigned is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Date: 7/13/12

Barry R. Segal